ROBERT SCINTO ET AL. *v.* STATE CODES AND
STANDARDS COMMITTEE
(8950)

DALY, FOTI and CRETELLA, Js.

---

Argued December 4, 1990—decision released February 5, 1991

*Ralph L. Palmesi,* with whom, on the brief, was *Vito Mazza,* for the appellants (plaintiffs).

*Henri Alexandre,* assistant attorney general, with whom, on the brief, was *Richard Blumenthal,* attorney general, for the appellee (defendant).

DALY, J. The plaintiffs[1] appeal from the granting of the defendant's motion to dismiss and judgment of dismissal for lack of subject matter jurisdiction. The plaintiffs claim that the trial court improperly concluded that their appeal was untimely. The plaintiffs also claim that opposing parties were timely served process, contrary to the defendant's assertions. We disagree and affirm the judgment of the trial court.

---

[1] Sara Lee Corporation is also a plaintiff in this case.

The following facts are pertinent to this appeal. The plaintiffs filed a request with the state building inspector for a handicap exemption, pursuant to Connecticut Building Code, art. 5 § 512.1.3, regarding a property located in Trumbull. The state building inspector denied the request and the plaintiffs filed an appeal with the defendant on May 11, 1989, pursuant to General Statutes §§ 29-266 (d) and 29-269 (b). The defendant held a hearing on the matter and unanimously upheld the inspector's decision. The plaintiffs were notified of the defendant's final decision on August 9, 1989. The plaintiffs then appealed to the Superior Court pursuant to General Statutes § 4-183 on October 3, 1989.

The defendant filed a motion to dismiss on the ground that all parties of record had not been timely served within thirty days of the mailing of the defendant's notice of decision as required by General Statutes (Rev. to 1989) § 4-183 (b).[2] The court issued a memorandum of decision rejecting the defendant's argument but dismissed the appeal because the plaintiffs failed to file the appeal in the Superior Court within forty-five days of the mailing of the defendant's notice of decision as required by General Statutes (Rev. to 1989) § 4-183, both as in effect prior to July 1, 1989; see footnote 2 and as amended and in effect after that date.[3] The present appeal followed.

[2] General Statutes (Rev. to 1989) § 4-183, effective prior to July 1, 1989, provided in pertinent part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to a judicial review by way of appeal under this chapter . . . .

"(b) Proceedings for such appeal shall be instituted by filing a petition in superior court . . . within forty-five days after mailing of the notice of the final decision of the agency . . . . Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice . . . ."

[3] General Statutes (Rev. to 1989) § 4-183, as amended by Public Acts 1988, No. 88-317, effective July 1, 1989, provides in pertinent part: "(a) A

In support of their claims, the plaintiffs make two arguments. First, they assert that a copy of the appeal was served on the clerk of the Superior Court on September 19, 1989, forty-one days after the defendant's notice of August 9, 1989, and thus satisfied the forty-five day filing requirement under the newly amended General Statutes § 4-183 (c); see footnote 3, supra; which applied in this case. Second, the plaintiffs argue that this newly amended version of the statute removed the mandatory requirement that a plaintiff file an appeal with the clerk of the Superior Court within forty-five days, and thus concluded that the forty-five day limit is merely directory. We find the plaintiffs' arguments unpersuasive.

Before reaching the plaintiffs' arguments, we must first determine which version of General Statutes § 4-183 applies. The Connecticut Supreme Court has recently held that the determinative factor in deciding which version of § 4-183 applies is the date on which the underlying agency action commenced. *Citizens Against Pollution Northwest, Inc.* v. *Connecticut Siting Council,* 217 Conn. 143, 149, 584 A.2d 1183 (1991); see *Vernon Village, Inc.* v. *Carothers,* 217 Conn. 130, 140–42, 585 A.2d 76 (1991). The plaintiffs in this case filed their appeal with the defendant on May 11, 1989, and thereby commenced their underlying action prior to July 1, 1989. Therefore, the version of § 4-183 in effect prior to July 1, 1989, applies

person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court . . . .

"(c) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency . . . and file the appeal with the clerk of the superior court . . . ."

Though irrelevant for our purposes here, this statute was further amended by Public Acts 1988, No. 88-230, effective September 1, 1991.

to the plaintiffs' appeal to the trial court. *Citizens Against Pollution Northwest, Inc.* v. *Connecticut Siting Council,* supra; see *Vernon Village, Inc.* v. *Carothers,* supra.

Administrative appeals are statutory creations with limited lifespans. See *Connecticut Bank & Trust Co.* v. *Commission on Human Rights & Opportunities,* 202 Conn. 150, 154, 520 A.2d 186 (1987). Statutory time limits must be strictly complied with if a court is to maintain jurisdiction. See *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985). Thus, if the plaintiffs failed to meet any of the requirements set forth in the applicable version of General Statutes § 4-183, the appeal is not viable.

The plaintiffs were required to serve the agency and all parties of record within thirty days after receiving notice of the agency's decision. General Statutes (Rev. to 1989) § 4-183. The plaintiffs conceded in their brief before this court that they failed to meet this requirement and served the defendant more than thirty days after receiving notice of the defendant's decision. Thus, the trial court did not have subject matter jurisdiction.

The trial court, however, did not employ this ground as the basis of its dismissal.[4] Rather, the trial court found that the plaintiffs filed their appeal more than forty-five days after receiving notice of the defendant's decision. The trial court reasoned that under either version of General Statutes § 4-183, the plaintiffs' failure to file their appeal within forty-five days was fatal.

An administrative appeal is filed and pending when it is returned to the court. *Demar* v. *Open Space & Conservation Commission,* 211 Conn. 416, 430, 559 A.2d

[4] The trial court's judgment and memorandum of decision dated February 21, 1990, was issued well before the Supreme Court's recent decision in *Citizens Against Pollution Northwest, Inc.* v. *Connecticut Siting Council,* 217 Conn. 143, 149, 584 A.2d 1183 (1991).

1103 (1989). Here, the plaintiffs received notice of the defendant's decision on August 9, 1989, and served the defendant on September 19, 1989, but failed to file the appeal together with the return until after the forty-five day limit transpired. It was not until October 3, 1989, that the plaintiffs filed the writ, summons, complaint and return, fifty-five days after receiving notice from the defendant. Because the plaintiffs failed to file their appeal within the required forty-five day limit as required by General Statutes (Rev. to 1989) § 4-183, effective prior to July 1, 1989, the trial court did not have subject matter jurisdiction.

In view of our earlier decision that the version of General Statutes (Rev. to 1989) § 4-183, effective prior to July 1, 1989, was applicable to the plaintiffs' appeal, we need not decide whether the version of the statute in effect after that date mandates the same forty-five day filing requirement as the plaintiffs have requested.

Because the plaintiffs failed to serve notice on the defendant within thirty days after receiving notice of the defendant's decision or, alternately, failed to file their appeal within forty-five days after such notice, their appeal must fail.

The judgment is affirmed.

In this opinion the other judges concurred.