[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On April 3, 1985, Kristine A. Jennings filed a complaint with the Commission on Human Rights and Opportunities (hereinafter referred to as "CHRO"), alleging that Truelove MacLean, Inc., (hereinafter referred to as the "petitioner"), her former employer, had discriminated against her on the basis of sex and pregnancy in violation of Connecticut General Statutes 46a-60(a)(1) and 46a-60(a)(7). CHRO assigned the matter to a hearing officer who heard the case on September 25, 1991, and rendered his decision on August 18, 1992. The petitioner moved for reconsideration of the decision on August 26, 1992. The petitioner's motion was denied in a supplemental decision issued on January 29, 1993.
On February 23, 1993, the petitioner filed this appeal from the hearing officer's supplemental decision. The appeal contained CT Page 5546 a Citation and Recognizance, the Application of Appeal to the superior court with a return date of February 23, 1993, the Sheriff's return dated February 16, 1993, and an Amended Application of Appeal to the superior court with a return date of March 9, 1993.
On March 5, 1993, CHRO filed an appearance and a motion to dismiss accompanied by a memorandum of law. The petitioner filed a memorandum in opposition to said motion on March 11, 1993. Where there is lack of personal and subject matter jurisdiction, improper venue, insufficiency of process or service of process, a motion to dismiss is properly granted. Practice Book 143. The right to an administrative appeal is created by statute and "[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Chestnut Realty, Inc. v. CHRO, 201 Conn. 350, 356, 514 A.2d 749
(1986). "Unless service of process is made as the statute prescribes, the court to which it is returnable does not acquire jurisdiction." Grayson v. Wofsey, Rosen, Kweskin Kuriansky,40 Conn. Sup. 1, 2, 478 A.2d 629 (1984).
CHRO contends that the court lacks subject matter jurisdiction over this appeal because the petitioner has failed to cite all parties of record in its citation. Specifically, CHRO states that Kristine A. Jennings was a party of record and should have been joined in this action. CHRO also contends that the court lacks personal jurisdiction over it as petitioner's citation incorrectly identifies the party being sued. The citation summons the "Commissioner of Human Rights and Opportunities of the State of Connecticut." CHRO argues that there is no one Commissioner as stated in the appeal but that there are nine Commissioners who are appointed by the Governor. Therefore, if the agency the Commission of Human Rights and Opportunities is not cited, the appeal is defective. Lastly, CHRO argues that the petition relative to this appeal was not served on it at least twelve days prior to the return date and that the petition was not filed with the court six days before the return date and therefore, this proceeding is voidable.
The petitioner argues that the failure to join Kristine A. Jennings in the citation and serve her is a non-joinder issue and should have been brought in a motion to strike and not in a motion to dismiss. Also, the petitioner claims that since Kristine A. Jennings' name and address did not appear in the hearing officer's final or supplemental decision she did not need to be served. The CT Page 5547 petitioner further argues that it was simply a typographical error to use "Commissioner" instead of "Commission" in the citation and that there is no doubt that the agency received the citation and that it is the respondent in this appeal. Lastly, as to the service of the citation, the petitioner argues that service was to be made on February 12, 1993, but due to the State holidays on February 12th and 15th, service was not accomplished until February 16, 1993. The petitioner also argues that it filed an Amended Application with its original Application amending the return date to be March 9, 1993, because by the time the papers were returned it was within six days of the return date. Petitioner claims that pursuant to Connecticut Practice Book 175, this amendment is permissible.
This appeal is brought pursuant to Connecticut General Statutes 4-183, the Uniform Administrative Procedure Act (UAPA), which was amended in 1989. See Public Act 88-317. "The Connecticut Supreme Court has recently held that the determinative factor in deciding which version of Connecticut General Statute4-183 applies is the date on which the underlying agency action commenced." Scinto v. State Codes Standards Committee, 24 Conn. App. 44,47 585 A.2d 701 (1991), citing Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 149,584 A.2d 1183 (1991). Therefore, since Kristine A. Jennings' action was filed on April 3, 1985, the pre-1989 version of Connecticut General Statute 4-183 is applicable. The pre-1989 version of Connecticut General Statute 4-183 provides in part:
 (b) Proceedings for such appeal shall be instituted by filing a petition in superior court for the judicial district of Hartford-New Britain or for the judicial district wherein the aggrieved person resides or if such person is not a resident of this state to the court for the judicial district of Hartford-New Britain within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of the notice of the decision thereon, except that service upon an agency may be made by the appellant mailing a CT Page 5548 copy of the petition by registered or certified mail, postage prepaid, without the use of a sheriff or other office, to the office of the commissioner of the agency or to the office of the attorney general in Hartford.
(Emphasis added.)
As noted above, "[a] statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." Chestnut Realty, Inc. v. CHRO, supra, 356. "[T]he slightest misstep by a party seeking judicial review of agency action can deprive the trial court of subject matter jurisdiction." Ierardi v. CHRO, 15 Conn. App. 569, 576,546 A.2d 870 (1988). In Hillcroft Partners v. CHRO, 205 Conn. 324,326, 533 A.2d 852 (1987), the trial court had dismissed the plaintiffs' appeal from a CHRO decision due to the fact that the plaintiffs had failed to serve the complainant who had instituted the original proceeding. On appeal the Supreme Court held that the failure to serve a party of record pursuant to 4-183(b) necessitated the dismissal of the appeal for lack of jurisdiction. Id.; see also Tarnopol v. Connecticut Siting Council, 212 Conn. 157,161, 561 A.2d 931 (1989); Daniels v. New Haven Police Department, 3 Conn. App. 97, 99, 485 A.2d 579 (1985).
The facts in this case are identical to Hillcroft Partners v. CHRO, supra, and therefore, the petitioner's failure to serve the complainant, Kristine A. Jennings, necessitates the dismissal of this appeal for lack of jurisdiction. As this issue is dispositive of this appeal, it is not necessary to address the remaining arguments.
Therefore, the Commission on Human Rights and Opportunities' motion to dismiss is granted.
/s/ William J. Sullivan WILLIAM J. SULLIVAN, J.