[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an appeal under section 4-183 of the General Statutes from a decision of the Commission on Human Rights and Opportunities [CHRO] denying a claim of discriminatory employment practice by the plaintiff's employer in violation of section 46a-60, which raises an apparent case of first impression on the interpretation of the fee waiver provision in section 4-183(m). The defendant CHRO has filed a motion to dismiss the appeal for lack of subject matter jurisdiction on two grounds: (1) the plaintiff failed to serve a copy of the appeal on the CHRO within 45 days after the mailing of the final decision of that agency as required by Section 4-183(c) of the General Statutes and (2) the appeal was not filed in the Superior Court within 45 days after mailing of the final agency decision. The plaintiff claims that any failure to meet these requirements is authorized by Section 4-183(m) of the General Statutes, which tolls the time limits for the filing of an appeal where the appellant files an application for waiver of fees related to the appeal.
Section 46a-94a of the General Statutes allows an appeal by a person aggrieved by dismissal of a complaint to the CHRO pursuant CT Page 8216-W to section 4-183.
A hearing on the motion to dismiss was held on September 20, 1993, and was attended by the plaintiff and by the defendant's attorney. Both sides were given the opportunity to offer evidence, but none was presented. When a motion to dismiss raises a factual question which cannot be determined on the face of the record, the plaintiff must present evidence to establish jurisdiction. Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54. Where evidence is not offered on a motion to dismiss, the motion admits all well-pleaded facts and the appeal is construed most favorably to the plaintiff. American Laundry Machinery Inc. v. State,190 Conn. 212, 217. The court also considers material contained in the court file such as the sheriff's return, notations of the clerk's office and, in this case, the fee waiver application of the plaintiff. Statements made by attorneys or parties during the proceedings but not presented in the form of testimony are not properly considered by the court. State v. Duntz, 223 Conn. 207, 236.
A motion to dismiss, no matter when it is filed, must be decided before the case can proceed. Baldwin Piano Organ Co. v. CT Page 8216-X Blake, 186 Conn. 295, 297. The motion to dismiss was filed June 17, 1993, or more than four months after the defendant filed an appearance in this case. The plaintiff contends that under sections 142 and 144 of the Practice Book that the motion cannot be considered because it was filed more than 30 days after the defendant filed its appearance. While that is true as to claims of lack of personal jurisdiction over the defendant or insufficient service of process, it does not apply to a claim of lack of subject matter jurisdiction. Section 145, Conn. Practice Book. A procedural default in an administrative appeal that goes to subject matter jurisdiction cannot be waived and may be raised at any time. McQuillan v. Department of Liquor Control, 216 Conn. 667,670; Rogers v. Commission on Human Rights Opportunities,195 Conn. 543, 550-52.
The defendant claims that the plaintiff failed to comply with Section 4-183(c) of the General Statutes by failing to serve a copy of the appeal on the CHRO and file the appeal with the clerk of the Superior Court within 45 days after the mailing of the defendant's final decision. Section 4-183(c) provides in part as follows: CT Page 8216-Y
 Within forty-five days after mailing of the final decision under Section 4-180 . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford and file the appeal with the clerk of the superior court . . . for the Judicial District wherein the person appealing resides . . . service of the appeal shall be made by (1) United States mail, certified or registered, postage prepaid, return receipt requested, without the use of a sheriff or other officer, or (2) personal service by a proper officer or indifferent person making service in the same manner as complaints are served in ordinary civil actions."
In this case the CHRO mailed notice of its final decision to the plaintiff as required by section 4-180(c) on November 23, 1992. The notice was delivered to the plaintiff's address on November 24, 1992. As a result, the plaintiff had 45 days from November 23, 1992 or until January 7, 1993 to make service the appeal. Where service of an appeal is required "within" a designated number of days of a specified action, in computing the time period CT Page 8216-Z the day of service is included and the date the decision is filed or notice of it is given is excluded. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1, 3. The return of service of the deputy sheriff who served the appeal indicates that it was served on January 26, 1993. The appeal was filed in the Superior Court on February 1, 1993. Affidavits containing undisputed facts may be considered on a motion to dismiss. Barde v. Board of Trustees,207 Conn. 59, 62; Practice Book Section 143. The date of mailing the notice to the plaintiff and the certified mail receipt are established by an affidavit in the file with attached documents.
Appeals to courts from administrative agencies exist only under statutory authority. Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152; Basilicato v. Department of Public Utility Control, 197 Conn. 320, 322. A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Id. 322; Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, supra, 152. Such provisions are mandatory, and if not complied with, the appeal is subject to dismissal. Id., 152; Norwich Land Co. v. Public Utilities Commission, CT Page 8216-AA supra, 6. Where the appellant fails to serve copies of the administrative appeal upon the agency within 45 days of the mailing of its decision as required by Section 4-183(c) the appeal is too late and must be dismissed. Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Counsel, supra, 153; Scinto v. State Codes Standards Committee, 24 Conn. App. 44, 48-49; Shelton v. Carothers, 18 Conn. App. 132, 133, and cases cited therein. Service of the appeal here occurred 19 days after the 45 day statutory deadline.
The appeal was not filed with the Superior Court until February 1, 1993, or 24 days after the deadline of January 7, 1993. Failure to file an administrative appeal with the Superior Court within the time limits of the appeal statute also goes to subject matter jurisdiction and requires dismissal of the appeal. Vernon Village, Inc. v. Carothers, 217 Conn. 130, 142; Basilicato v. Department of Public Utility Control, supra, 324; Rogers v. Commission on Human Rights Opportunities, supra, 550, 551; Norwich Land Co. v. Public Utilities Commission, supra, 5, 6. The rule remains that the court does not have subject matter jurisdiction over an administrative appeal where there is a failure to serve the agency CT Page 8216-BB within the statutory 45 day time period in Section 4-183(c). Tolly v. Department of Human Resources, 225 Conn. 13, 29.
In order to excuse the late service of the appeal on the CHRO and the filing of the appeal in the Superior Court beyond the 45 day time limit, the plaintiff relies upon section 4-183(m). The relevant part of that statute reads as follows:
 "In any case in which a person appealing claims that he cannot pay the costs of an appeal under this section, he shall, within the time permitted for filing the appeal, file with the clerk of the court to which the appeal is to be taken an application for waiver of payment of such fees, costs and necessary expenses, including the requirements of bond, if any. . . . The filing of the application for the waiver shall toll the time limits or the filing of an appeal until such time as a judgment on such application is rendered."
The court file discloses that the plaintiff filed an application for waiver of fees on January 8, 1993 which was granted by the court (Ballen, J.) on January 12, 1993. The statute does not CT Page 8216-CC apply in this case because the plaintiff was required to file the application "within the time permitted for filing the appeal" which ended on January 7, 1993. In addition, even if this defect were overlooked, the statute tolls the time limit for filing the appeal only until the application is granted, which occurred here on January 12, 1993. Exactly how the statute applies in all cases is unclear, but it is obvious that the Legislature did not intend to give an appellant an additional 45 days for filing an appeal merely by filing a fee waiver application at the last possible moment. The more logical construction of the statute is that the dates when the fee waiver application is pending in the Superior Court are not counted in computing the 45 days within which to file the appeal. In this case it would give the plaintiff at most an additional five days to January 12, 1993. However, the appeal was not served upon the agency until January 26th and was not returned to court until February 1, 1993, long after any extended period of time due to filing of the fee waiver application.
The plaintiff also contended in argument before the court that he had filed another fee waiver form in late December, CT Page 8216-DD 1992 but that it was lost by the clerk's office, requiring him to file another application. No documents or testimony were produced to support this claim. Moreover, while the court can show some degree of leniency towards a party when there is evidence that he was misguided by court personnel, an assistant clerk cannot be held responsible for insuring that the plaintiff uses the proper method for service of process and taking the appeal. Tarnopol v. Connecticut Siting Council,212 Conn. 157, 165. In addition, after the fee waiver on file was granted, the plaintiff waited more than three additional weeks after the five day extension of the appeal period expired to file the appeal in the Superior Court. As stated in Basilicato v. Department of Public Utility Control, supra, 324; "There are no special rules authorizing a lesser standard of compliance for pro se parties. Any litigant may choose to proceed without representation, but all are bound by the same standards. While a trial court can exhibit some degree of leniency towards a pro se plaintiff, the court cannot disregard established and mandatory requirements which circumscribe jurisdiction in the first instance." The appeal is not saved by section 4-183(m). There is no subject matter jurisdiction over CT Page 8216-EE this appeal because the appeal was not served upon the defendant or filed in the Superior Court within the 45 day time limit in section 4-183(c).
The appeal is dismissed.
Fuller, J.