## CITIZENS AGAINST POLLUTION NORTHWEST, INC. *v.* CONNECTICUT SITING COUNCIL ET AL.
### (14042)

PETERS, C. J., GLASS, SANTANIELLO, F. X. HENNESSY and MENT, Js.

Argued November 6, 1990—decision released January 15, 1991

*Wesley W. Horton,* with whom was *Jeffrey A. Hoberman,* for the appellant (plaintiff).

*Phyllis E. Lemell,* assistant attorney general, for the appellee (named defendant).

*Lewis K. Wise,* for the appellee (defendant Bio-Gen Torrington Partnership).

GLASS, J. The sole issue in this appeal concerns the applicability and the effective date of Public Acts 1988, No. 88-317 (act), that substantially revised chapter 54 of the General Statutes, the Uniform Administrative Procedure Act (UAPA). Our specific focus is upon the applicability of the provision of the act extending the time period for service of an appeal from the decision of an administrative agency. The trial court determined that the act was inapplicable to the plaintiff's administrative appeal, and accordingly dismissed the appeal for lack of subject matter jurisdiction in view of the plaintiff's failure to serve the appeal within the required time period under the UAPA prior to its revision by the act. We conclude that the trial court properly determined that the act was inapplicable to the plaintiff's appeal, and we therefore affirm the judgment of dismissal.

The relevant facts are as follows. On December 5, 1988, the defendant Bio-Gen Torrington Partnership (Bio-Gen) applied to the named defendant, the Connecticut Siting Council (council), for a certificate of environmental compatibility and public need for its proposed electricity generating facility. See General Statutes § 16-50*l.* In February, March, April and May of 1989, the council held public hearings concerning the application. Bio-Gen appeared in the hearings as a party, and the council designated the city of Torrington, the towns of Harwinton and Litchfield, the Farmington River Watershed Association, Inc., the Sons of Jacob Cemetery Association, Inc., and Terence Delaney as additional parties of record. The plaintiff, Citizens

Against Pollution Northwest, Inc. (CAP), became a party to the hearings by way of intervention, as did Alan DiCara and the Honorable Nancy Johnson.

On November 22, 1989, the council rendered its decision granting Bio-Gen's application. On November 30, 1989, the council mailed copies of its decision to all parties of record. Forty-three days later, on January 12, 1990, CAP appealed from the council's decision to the Superior Court. On the same date, CAP served copies of the appeal upon all parties of record.[1]

Thereafter, Bio-Gen and the council moved to dismiss the appeal, alleging that the court lacked subject matter jurisdiction because CAP had failed to serve copies of the appeal upon all parties of record within thirty days of the mailing of the council's decision as required by General Statutes § 4-183 (b).[2] CAP opposed the motions on the ground that its appeal was governed by § 23 (c)[3] of the act, which replaced the thirty day period for service in § 4-183 (b) with a forty-five day period, within which period all record parties had been

[1] Copies of the appeal were served in-hand by a sheriff upon the council (at the office of the attorney general), Bio-Gen and the city of Torrington. All remaining parties of record were served by certified mail.

[2] General Statutes (Rev. to 1989) § 4-183 (b) provides in pertinent part: "Proceedings for such appeal shall be instituted by filing a petition in superior court . . . within forty-five days after mailing of the notice of the final decision of the agency or, if a rehearing is requested, within forty-five days after mailing of the notice of the decision thereon. Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of such notice or, if a rehearing is requested, within thirty days after mailing of the notice of the decision thereon . . . ."

[3] Public Acts 1988, No. 88-317, § 23 (c) provides in pertinent part: "Within forty-five days after mailing of the final decision . . . a person appealing as provided in this section shall serve a copy of the appeal on the agency that rendered the final decision at its office or at the office of the attorney general in Hartford . . . . Within that time, the person appealing shall also serve a copy of the appeal on each party listed in the final decision at the address shown in the decision, provided failure to make such service within forty-five days on parties other than the agency that rendered the final decision shall not deprive the court of jurisdiction over the appeal."

served. The court found that because the agency proceedings that were the subject of CAP's appeal had commenced when Bio-Gen applied to the council for the certificate on December 5, 1988, § 4-183 (b) prior to its amendment by the act governed the time period for service of the appeal. Since CAP had served its appeal thirteen days after the expiration of the thirty day period under that statute, the trial court dismissed the appeal for lack of jurisdiction.[4]

CAP appealed to the Appellate Court, and we transferred the appeal to this court pursuant to Practice Book § 4023. The sole issue raised by CAP in this appeal is whether the trial court properly concluded that § 4-183 (b) as it existed prior to its amendment by the act, rather than § 23 (c) of the act, governs the time period for service of CAP's administrative appeal.

The act either revised or repealed almost all of the prior provisions of the UAPA. Among the various provisions revised were those controlling the time period for service of appeals from administrative decisions upon state agencies and record parties. Before its revision by the act, § 4-183 (b)[5] permitted an aggrieved person to appeal from the final decision of an agency within forty-five days of the mailing of notice of that decision, provided that copies of the appeal were served upon the agency and record parties within thirty days of the mailing of notice of the decision. Section 23 (c)[6] of the act, codified as § 4-183 (c), replaced the above provisions of § 4-183 (b) with a forty-five day time period for both the filing of an administrative appeal

---

[4] The court also found that the appeal had not been served in accordance with the methods of service permitted under General Statutes § 4-183 (b) prior to its amendment by the act. Since we affirm the judgment of dismissal on the ground that the appeal had not been served in a timely fashion, we need not consider the propriety of this finding.

[5] See footnote 2, supra.

[6] See footnote 3, supra.

and service of the appeal upon all parties of record. Because CAP did not serve all record parties until the forty-third day after the mailing of notice of the agency's final decision, it is clear that unless the act applies to CAP's appeal, the appeal was not served in a timely manner under § 4-183 (b) as it existed before its revision by the act, and accordingly, that the dismissal of the appeal by the trial court was proper.

CAP claims that the act applies to its appeal for two reasons. First, CAP argues that the act applies by virtue of the first clause of § 107 of the act, which section provides in its entirety: "This act shall take effect July 1, 1989, and shall be applicable to all agency proceedings commenced on or after such date." According to CAP, the first clause of § 107 deems all of the provisions of the act concerning appellate review of administrative decisions applicable to appeals from such decisions rendered on or after July 1, 1989, without regard to the date that the underlying agency proceedings commenced. As for the second clause of § 107, CAP contends that it governs only the application of the provisions of the act concerning "agency proceedings." Since subsequent appellate review is not itself a part of agency proceedings, CAP maintains the second clause of § 107 does not limit the application of § 23 (c) to those cases where the underlying agency proceedings had commenced on or after July 1, 1989.

CAP's second argument in support of the claimed applicability of the act rests primarily upon our decision in *Chieppo* v. *Robert E. McMichael, Inc.,* 169 Conn. 646, 363 A.2d 1085 (1975). According to CAP, *Chieppo* establishes a general rule that the process of an appeal is not controlled by the statute in effect on the date the events that gave rise to the appeal occurred, but rather, by the statute in effect on the date that the decision appealed was rendered. Because the administrative decision appealed in this case was rendered after

July 1, 1989, CAP contends that the act governs the process of its appeal from that decision, and hence the time period in which copies of its appeal were required to be served. We find both of CAP's arguments unavailing.

CAP's argument that the first clause of § 107 renders the provisions of the act concerning appellate review applicable to administrative appeals without regard to the date that the underlying agency proceedings commenced was advanced by the plaintiffs in *Vernon Village, Inc.* v. *Commissioner of Environmental Protection,* 217 Conn. 130, 585 A.2d 76 (1990). As in this case, the agency proceedings that culminated in the decision appealed in *Vernon Village, Inc.,* had commenced before July 1, 1989. In both cases the agency rendered its final decision after July 1, 1989, and an appeal subsequently was filed in the Superior Court. Like the plaintiff in this case, the plaintiffs in *Vernon Village, Inc.,* urged that the first clause of § 107 independently governed the applicability of all of the sections of the act concerning appellate review of administrative decisions. The plaintiffs also maintained that such sections were excluded from the scope of the second clause of § 107, as well as § 24 (a),[7] because the application of these provisions was limited to "agency proceedings," and thus did not extend to "court proceedings" involved in appellate review.

In *Vernon Village, Inc.,* we rejected the interpretation of the first clause of § 107 proposed by the plaintiffs as inconsistent with the second clause of § 107 and

---

[7] Public Acts 1988, No. 88-317, § 24, provides in pertinent part: "Section 4-185 of the general statutes is repealed and the following is substituted in lieu thereof: (a) This chapter, as amended by this act, and sections 8, 11, 13, 15, 18, 20, 21 and 22 of this act apply to all agency proceedings commenced on or after the effective date of this act. Each agency proceeding commenced before the effective date of this act is governed by the law in effect when the proceeding was commenced."

§ 24 (a) of the act, and as a consequence, at odds with the manifest intent of the legislature to provide a single standard for determining the application and the effective date of the act in all cases. That standard, we held, "is tied to the date that the underlying agency proceedings commenced, and in cases where such proceedings had commenced before July 1, 1989, the effective date of the act, the act is inapplicable." Id., 138. We also determined that construing the term "agency proceedings" in a literal fashion would effectively read the provisions of the act concerning appellate review out of the act, a result certainly not intended by the legislature. Id., 139. Consequently, we concluded, as did the trial court, that the act was inapplicable to the plaintiffs' administrative appeal because the underlying agency proceedings had commenced before July 1, 1989. We affirmed the judgment of dismissal in light of the plaintiffs' failure to comply with the law as it existed before its revision by the act. Id., 142.

CAP concedes that the agency proceedings involved in this case had commenced before July 1, 1989. It is also undisputed that service of CAP's appeal had occurred beyond the expiration of the time period for service in § 4-183 (b) prior to its revision by the act. We conclude that in this case, as in *Vernon Village, Inc.,* the fact that the agency proceedings had commenced before July 1, 1989, renders the act inapplicable to CAP's appeal. Therefore, the trial court properly dismissed the appeal for lack of subject matter jurisdiction.

Moreover, we are unpersuaded that a contrary disposition of this appeal is required by our decision in *Chieppo* v. *Robert E. McMichael, Inc.,* supra. In *Chieppo,* the plaintiff allegedly suffered a compensable injury on September 25, 1969. General Statutes § 31-301, as amended by Public Acts 1972, No. 108, § 6, effective September 1, 1972, required that appeals from awards of the compensation commissioner be filed in

the Court of Common Pleas. Prior to that date, such appeals were required to be filed in the Superior Court. On September 8, 1972, the compensation commissioner entered a finding and award in favor of the plaintiff. On September 14, 1972, the defendant appealed from the finding and award to the Superior Court. The defendant then moved for a transfer of the appeal to the Court of Common Pleas, and the Superior Court granted the motion. The Court of Common Pleas determined that amended § 31-301 governed the appeal, and since the appeal initially had been filed in the wrong court under that statute, the court dismissed the appeal for lack of jurisdiction. Id., 647–48.

Before this court, the defendant claimed that the Court of Common Pleas should have applied § 31-301 as it existed prior to its amendment because that statute had been in effect on the date of the injury, and therefore, that statute should govern the process of the appeal from the commissioner's decision concerning the injury. We rejected the defendant's claim on the ground that while the amendment to § 31-301 altered appellate procedures, it "affected neither the employee's right to compensation nor the employer's obligation to pay it." Id., 650. Consequently, we agreed with the trial court's conclusion that amended § 31-301 governed the defendant's appeal. Since the appeal had been improperly filed in the Superior Court under that statute, we held that the Superior Court was powerless to transfer the appeal to the Court of Common Pleas because it lacked subject matter jurisdiction over the appeal, and we therefore upheld the judgment of dismissal. Id.

Unlike the act at issue in this case, the act involved in *Chieppo* merely provided that its provisions "shall take effect September 1, 1972." Public Acts 1972, No. 108, § 14; see *Chieppo* v. *Robert E. McMichael, Inc.,* supra, 648. No provision of the act in *Chieppo* distinguished between the law applicable prior to and after

that effective date. In this case, the applicability of the act depends not only upon its effective date, but also upon the date that the underlying agency proceedings commenced. The act specifically excludes from its application agency proceedings commenced before its effective date, July 1, 1989, and the act specifically includes agency proceedings commenced on or after July 1, 1989. Since the act involved in *Chieppo* had no similar provisions concerning its applicability, *Chieppo* is inapposite to this case.

CAP, furthermore, cannot bring this case within *Chieppo* for the sole reason that § 23 (c) of the act, like the provision of the act involved in *Chieppo,* pertains only to matters of procedure. While we have recognized that remedial or procedural statutes are generally presumed to have been intended to apply retroactively to pending cases, this rule is subject to abrogation where the statute itself contains an express legislative directive to the contrary. See, e.g., *Mulrooney* v. *Wambolt,* 215 Conn. 211, 216–17, 575 A.2d 996 (1990); *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 525–26, 562 A.2d 1100 (1989); *State* v. *Paradise,* 189 Conn. 346, 351, 456 A.2d 305 (1983); cf. *Litton Systems, Inc.* v. *American Telephone & Telegraph Co.,* 746 F.2d 168, 174 (2d Cir. 1984); compare General Statutes § 1-1 (u). As we explained in *Vernon Village, Inc.* v. *Commissioner of Environmental Protection,* supra, 138, we perceive such a directive when viewing §§ 24 (a) and 107 of the act in conjunction, which, as demonstrated by the integration of these sections in General Statutes § 4-185 (a),[8] together form a single standard that excludes from the application of the act all matters concerning agency proceedings that had commenced prior to July 1, 1989, including matters of appellate review.

---

[8] "[General Statutes] Sec. 4-185. APPLICATION OF CHAPTER. (a) This chapter applies to all agency proceedings commenced on or after July 1, 1989. Each agency proceeding commenced before July 1, 1989, is governed by the law in effect when the proceeding was commenced."

We cannot simply override this evident expression of the legislative will because it might have been more appropriate for the legislature to have provided that the sections of the act concerning appellate review would be applicable without regard to the date that the underlying agency proceedings had commenced. "The legislature is supreme in the area of legislation, and courts must apply statutory enactments according to their plain terms." *Winslow* v. *Lewis-Shepard, Inc.,* 216 Conn. 533, 540, 582 A.2d 1174 (1990); *Federal Aviation Administration* v. *Administrator,* 196 Conn. 546, 550, 494 A.2d 564 (1985); accord *United States* v. *Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240-42, 109 S. Ct. 1026, 103 L. Ed. 2d 290 (1989). Certainly, it is within the province of legislative discretion to determine the application of a statutorily authorized administrative appeal process. We know of no authority, and none has been referred to us by CAP, that precludes the legislature from imposing a limitation upon the application of legislation such as the one imposed by §§ 24 and 107 of the act.

"Appeals to courts from administrative agencies exist only under statutory authority. *Charles Holdings, Ltd.* v. *Planning & Zoning Board of Appeals,* 208 Conn. 476, 479, 544 A.2d 633 (1988); *Tazza* v. *Planning & Zoning Commission,* 164 Conn. 187, 190, 319 A.2d 393 (1972). ' "A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created." ' *Chestnut Realty, Inc.* v. *Commission on Human Rights & Opportunities,* 201 Conn. 350, 356, 514 A.2d 749 (1986); *Norwich Land Co.* v. *Public Utilities Commission,* 170 Conn. 1, 6, 363 A.2d 1386 (1975). Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal. *Basilicato* v. *Department of Public Utility Control,* 197 Conn. 320, 322, 497 A.2d 48 (1985); *Royce* v. *Freedom*

*of Information Commission,* 177 Conn. 584, 587, 418 A.2d 939 (1979)." *Vernon Village, Inc.,* v. *Commissioner of Environmental Protection,* supra, 142. Since CAP failed to serve copies of its administrative appeal upon all parties of record within thirty days of the mailing of the council's decision as required by § 4-183 (b) prior to its revision by the act, we conclude that the trial court properly dismissed the appeal. See id.

The judgment is affirmed.

In this opinion the other justices concurred.