[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiffs appeal to this court the decision of the defendant Greater Hartford Transit District ("GHTD") which granted a certificate of public convenience and necessity to defendant Professional Wheelchair Transportation, Inc. ("Professional"). Defendant GHTD moves to dismiss on the grounds that (1) there is no statutory basis for an appeal of a decision of the GHTD to this court and (2) that in bringing this appeal the plaintiffs fail to exhaust their administrative remedy.
Essential preliminary facts are not disputed. In April 1990, Professional applied to the GHTD for a certificate to operate a taxicab service in various towns in Hartford County. At the first public hearing on the application, the plaintiffs were granted status as parties to the proceedings. On January 4, 1991, the GHTD issued its final decision granting Professional a certificate. Pursuant to C.G.S. 7-273d, the plaintiffs appealed the GHTD's decision to the department of transportation. On June 7, 1991, the department "upheld" the decision of the GHTD. The appeal to this court was served on the defendants on July 8, 1991, and filed in the court on July 10, 1991. The plaintiffs' action in this count does not attack the decision of the department of transportation and, indeed, the department is not named as a party. Instead, this action is explicitly an appeal from the January 4, 1991, decision of CT Page 8076 the GHTD. It fails on two grounds.
Section 7-273d of the general statutes provides, in relevant part, as follows:
 Any company, town, city, borough, corporation or person aggrieved by any order, authorization or decision of the board of directors (of the GHTD) . . . in any matter to which he or it was or ought to have been made a party, may appeal therefrom to the department (of transportation) . . . within thirty days after the filing of such order, authorization or decision. To the extent applicable, such appeal shall conform to the standards and procedure for appeals in contested cases under sections 4-176e to 4-182, inclusive. Where the department determines that the order, authorization or decision of the transit district would affect state-wide transportation policy adversely, such order, authorization decision may be modified or overruled. The decision after hearing shall be final except that the applicant may appeal therefrom in accordance with section 4-183.
This statute establishes a limited right of appeal from a decision of the GHTD. Specifically, an aggrieved party must appeal the decision to the department of transportation. The appeal is limited to the issue of whether the GHTD's decision adversely affects state-wide transportation policy. The department's decision may then be appealed to this court pursuant to C.G.S. 4-183. There is, however, no statutory right of appeal of the GHTD decision to this court, and that is true even if the appellant desires to raise issues in addition to state-wide transportation policy. It is also true notwithstanding the opinion of the department of transportation as set forth in its decision, that "(t)he issues raised on appeal to us are clearly in the jurisdiction of the Superior Court pursuant to Section 4-183 C.G.S."
The right to appeal to this court from a decision of an administrative agency exists only by statute and strict compliance with the statutory procedure is required. Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152 (1991). The appeal to this court does not comply with the statutory procedure established by C.G.S. 7-273d. CT Page 8077
The second reason why this appeal may not be sustained is that even if the applicable statutes permitted a direct appeal from a GHTD decision to this court, the appeal in this case was not timely served or filed. Section 4-183(c) requires that petitions for appeal must be served and filed within forty-five days after the agency's decision. The timetable is mandatory and failure to comply requires dismissal. Norwich Land Co. v. Public Utilities Commission, 170 Conn. 1 (1975). In the present case, as indicated above, the appeal was served and filed more than six months after the decision in question.
For all of the above reasons, the defendant's motion to dismiss is granted.
MALONEY, J.