[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This administrative appeal must be dismissed for lack of subject matter jurisdiction. The petitioner, Dan Beard, Inc., submitted an application to the respondent, Commissioner of the Department of Environmental Protection, in June 1987 for a permit to dredge approximately 100,000 cubic yards of sand and gravel from the Housatonic River. (Amended Appeal Paragraph 5.) An initial final decision by the respondent was appealed by the petitioner, and on June 8, 1988, the Hon. T. J. Sullivan remanded the matter for a complete new hearing. Dan Beard Inc. v. Carothers, No. 344536 (Hartford-New Britain J.D.). A new hearing was held and a new final decision was mailed to counsel by certified mail on October 4, 1991. The sheriff's return on the file shows that copies of the petition were served on the respondent agency and all parties of record on November 15, 1991. The respondents have now filed motions to dismiss based on the untimely service. CT Page 9080
Conn. Gen. Stat. 4-183(b) (1989) required at the relevant time that, in order for an administrative appeal to be properly filed, "Copies of the petition shall be served upon the agency and all parties of record within thirty days after mailing of [the] notice [of the final decision of the agency]." (Emphasis added.) Although 1988 Conn. Acts No. 88-317 23(c) changed this period to 45 days, that act took effect on July 1, 1989, and was applicable only "to all agency proceedings commenced on or after such date." Id. 107. Whether one considers the action in this case to have been commenced when the application was submitted to the agency, see Raines v. Freedom of Information Commission, 221 Conn. 482,604 A.2d 819 (1992); Vernon Village, Inc. v. Carothers, 217 Conn. 130,141, 484 A.2d 76 (1991), or when Judge Sullivan remanded the case to the agency for a new hearing, see Raines, supra,221 Conn. at 489 n. 7, the agency proceeding plainly commenced prior to July 1, 1989. The petitioner's contention that the proceedings commenced when the hearing commenced finds no support in Raines or any other authority. Indeed, at the first agency hearing after the remanded, the petitioner agreed that the matter would be governed by the Administrative Procedure Act in existence prior to July 1, 1989. (10/3/89 T. 10.)
Our Supreme Court has specifically held that a failure to comply with the statutory thirty day time period for the service of administrative appeals deprives the court of subject matter jurisdiction and renders the appeal subject to dismissal. Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 584 A.2d 1183 (1991). That decision was released on January 15, 1991, several months before the final agency decision here and the petitioner cannot be excused from its failure to comply with its dictates.
The motions to dismiss are granted.
JON C. BLUE, J. Judge of the Superior Court CT Page 9081