[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The plaintiff, Mettler Realty Company, filed a complaint on June 8, 1992, appealing from the October 1, 1991 action of the defendant, the Board of Tax Review (defendant) of the Town of North Haven, assessing property at 400 Sackett Point Road at 70% CT Page 9887 of its fair market value. The plaintiff alleges that the valuation is "grossly excessive, disproportionate and unlawful." The plaintiff prays that the valuation of the property be reduced to 70% of its true and actual value.
On July 9, 1992, the defendant filed a motion to dismiss on the ground that General Statutes 12-118 requires that anyone claiming to be aggrieved by the action of the board may make application to the Superior Court within two months of the action of the board, and that the plaintiff did not file the appeal within the two month period. The defendant represents, and the plaintiff has not disputed, that the board's final decision was made on March 26, 1992, but that the plaintiff served its application and citation upon the town clerk on May 29, 1992. The plaintiff was notified of the defendant's decision by a notice dated April 1, 1992, but which did not state the date of the decision.
The plaintiff argues that the appeal was timely, that the defendant is estopped from asserting untimeliness because the plaintiff was induced to and did rely on the date of the notice, and that dismissal would violate the plaintiff's due process right to a fair hearing because the notice was inadequate and misleading in that it was dated April 1, 1992 but failed to state the date on which the tax board reached its decision. The plaintiff filed the appeal within two months of April 1, 1992, the date of the notice, but more than two months after March 26, 1992, which was the date of the decision of the defendant.
The motion to dismiss shall be used to assert lack of jurisdiction over the subject matter. Practice Book 143. Appeals to courts from administrative agencies exist only under statutory authority. Killingly v. Connecticut Siting Council,220 Conn. 516, 521, 600 A.2d 757 (1991). A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions which create it. Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council,217 Conn. 143, 152, 584 A.2d 1183 (1991). Failure to comply strictly with the statutory provisions by which a statutory right to appeal is created will subject an appeal to dismissal. Killingly v. Connecticut Siting Council, supra, 522. Nevertheless, where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. Id. CT Page 9888
Conn. General Statutes 12-111 provides in pertinent part:
 "(A)ny person . . . claiming to be aggrieved by the doings of the assessor of such town may appeal therefrom to the board of tax review, which shall determine all such appeals and report in writing the final determination of such appeals to each such person within one week after such determination has been made."
Conn. General Statutes 12-118 provides in pertinent part:
 "(A)ny person . . . claiming to be aggrieved by the action of the board of tax review . . . may, within two months from the time of such action, make application, in the nature of an appeal therefrom to the superior court. . . ."
The parties are in dispute as to when the two month appeal period begins to run. The defendant claims that it commences on the day the board makes its decision, while it is the plaintiff's position that it commences on the day that notice of the decision is mailed or on the day the notice is received by the taxpayer.
The court is satisfied, based on a reading of the statute and the holdings of most of the decisions on this point, that the appeal period commences on the day the board makes its decision, provided that the board complies with the statutory requirement of giving proper notice to the taxpayer. In this case the board did not give proper notice.
The court agrees with the reasoning of the court (Wagner, J.) in Johnson v. Town of Bloomfield, 5 Conn. L. Rptr. No. 10, 247 (December 16, 1991). In that case the court was faced with the same issue, whether the appeal had been filed timely, when the notice of the decision sent by the board did not advise the date of the decision and the notice itself was undated. In the case at bar the notice was dated but the reasoning of the court in Johnson is appropriate.
 ". . . [T]he statutory scheme makes sense only if the landowner knows the date of CT Page 9889 `such action', i.e. the determination by the board of tax review. That is why Section 12-111 requires `a report in writing' of such determination `within one week after such determination has been made.' The undated report with no indication of the date on which the determination was made, or when it was mailed, was insufficient within the statutory scheme."
Johnson, id, p. 247.
The defendant argues that the plaintiff could have determined the effective date of the decision by the board by inquiring at the town clerk's office or the assessor's office. The law is to the contrary. ". . . (T)he relevant statutes at issue do not impose on an aggrieved property owner any inquiry requirement." Trap Falls Realty Holding Limited Partnership v. Board of Tax Review, 29 Conn. App. 97, 100 (1992).
Proper notice under 12-111 requires that taxpayers be notified as to what the decision of the board is, and, since the making of the decision starts the running of a relatively brief appeal period, also to be notified as to the date of the decision. Since the Appellate Court has concluded that there is no obligation on the taxpayer to make inquiry about the decision it naturally follows that adequate notice must include the date of the board's action.
It is of no consequence whether one concludes that the appeal period commenced in this case on April 1, 1992, which was the date of the notice, or has not yet commenced. In either event, the appeal in this case was taken in a timely manner.
The motion to dismiss is denied.
Hadden, J.