[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION TO DISMISS
The plaintiff, John J. Farrell, appeals the determination of the defendant State Ethics Commission (Commission) that there was probable cause to believe that he violated the code of ethics for public officials, General Statutes 1-79 et seq. The Commission acted pursuant to1-82. The plaintiff appeals pursuant to General Statutes4-183(b). The Commission moves to dismiss the appeal for failure to exhaust administrative remedies. The court finds the issues in favor of the Commission.
The plaintiff is a financial consultant to institutions in the health care industry. He was formerly a commissioner of the State Commission on Hospitals and Health Care. In March 1993, after investigation and hearing, the Commission found probable cause to believe he had violated General Statutes 1-84b(b). That statute prohibits a former public official from representing anyone for CT Page 6035 compensation before his former public agency for one year after his termination of service, the so-called "revolving door" statute. The basis of the Commission's finding was the plaintiff's alleged business relationship with KPMG Peat Marwick, a consulting firm which had submitted a contract proposal to the Commission on Hospitals and Health Care. The Ethics Commission investigation and finding of probable cause were undertaken pursuant to 1-82(a).
Subsection (b) of 1-82 provides that after a finding of probable cause, the Commission "shall initiate hearings to determine whether there has been a violation (of the code of ethics)." That hearing is conducted by a state trial referee assigned by the chief court administrator. Following the hearings the statute requires the state trial referee to publish findings and a memorandum of the reasons therefor. The statute then provides "[s]uch finding and memorandum shall be deemed to be the final decision of the commission on the matter for the purposes of chapter 54. The respondent or the commission, if aggrieved by the finding and the memorandum, may appeal therefrom to the superior court in accordance with the provisions of section 4-183."
Subsection (a) of 4-183 provides the basic right of administrative appeal: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the superior court as provided in this section."
As 1-82(b) makes clear, a finding of probable cause by the Commission, prior to a hearing and decision by a state trial referee, is not a final decision of the Commission. Rather, the finding of probable cause is only the first step in the administrative process, which then proceeds to a hearing and culminates in the issuance of a final decision. The finding of probable cause by the Commission is not the final word even on that preliminary issue. Subsection (c) of1-82 provides that the state trial referee who conducts the hearing may, at that administrative level, "overturn(s) a finding by the commission of probable cause." Therefore, at this point in the proceedings, prior to the hearing and final decision, the plaintiff has clearly not exhausted his administrative remedies in contesting the finding of probable cause and the underlying charges of violating 1-84(b). CT Page 6036
The plaintiff does not contend that he has exhausted his administrative remedies as required by 4-183(a). Instead, he seeks an alternate route to the court via subsection (b) of 4-183. That subsecton [subsection] provides as follows:
 (b) A person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
There is no dispute that the plaintiff would be aggrieved by an adverse final decision of the Commission and, therefore, qualified to appeal. At issue is (1) whether postponement of the appeal until a final decision is rendered would "result in an inadequate remedy" even if the plaintiff were to prevail; and (2) whether resolution of that question implicates the court's subject matter jurisdiction or simply involves the merits of the plaintiff's appeal. The court will address those questions in inverse order.
"Appeals to courts from administrative agencies exist only under statutory authority . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143,152 (1991). (Citations and internal quotation marks omitted). Subsection (b) of 4-183 is an exception to the well-established rule requiring exhaustion of remedies. See Pet v. Department of Health Services, 207 Conn. 346
(1988). As such, it provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction. The question of the inadequacy of the full administrative remedy which is available to the plaintiff in this case, therefore, implicates the court's subject matter jurisdiction.
The plaintiff's appeal in this case is based on his contention that the evidence before the Commission was not sufficient to support its finding of probable cause to CT Page 6037 believe he had violated the law. That issue is not presently before the court, however. What is before the court at this stage of the case is the plaintiff's claim that his administrative remedy is inadequate. In support of this contention, he has presented an affidavit stating that he works as an independent contractor, not as a long-term employee, for non-profit institutions which are "highly sensitive to complying with state statutes and are particularly concerned as to purported violations of state law based upon alleged unethical behavior." The administrative remedy which is available to the plaintiff, however, includes a public hearing on charges that he had violated such laws. This would, he contends, result in irreparable harm to his reputation and business relationships. And this would be true, he claims, even if he is subsequently exonerated.
Neither the Commission nor the plaintiff has provided the court with any appellate court authority on the issues raised by the plaintiff's argument concerning the adequacy of his administrative remedy. There is, however, abundant authority concerning the purposes and benefits of the rule requiring exhaustion of such remedies prior to appealing to the courts.
"The doctrine of exhaustion is grounded in a policy of fostering an orderly process of administrative adjudication and judicial review in which a reviewing court will have the benefit of the agency's findings and conclusions . . . The doctrine of exhaustion furthers the salutary goals of relieving the courts of the burden of deciding questions entrusted to an agency . . . in advance of possible judicial review. Most important, a favorable outcome will render review by the court unnecessary . . . (a) complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." Pet v. Dept. of Health Services, supra, 350-352. (Multiple citations and internal quotation marks omitted). The force of this enduring precedent and its underlying rationale require that any claim of exemption from the rule be based on exceptional circumstances and be clearly authorized by 4-183(b).
Analysis of the plaintiff's argument begins with a closer look at 1-82, the statute which establishes the CT Page 6038 administrative procedure that he wishes to escape. Subsection (b) provides that a "respondent (plaintiff in this case) shall have the right to be represented by legal counsel, the right to compel attendance of witnesses and the production of books, documents, records and papers and to examine and cross-examine witnesses." In short, the plaintiff is guaranteed the full panoply of due process. Subsection (c) provides special remedies for respondents who have been exonerated by the Commission after the hearing. In such a case, "the state shall pay the reasonable legal expenses of the respondent." That statute provides further that a respondent is entitled to recover "double the amount of damage" caused by a false complaint which is made with the knowledge that it is without foundation. The point of these statutory provisions in the context of this case is that they evince the clear intention of the legislature to provide extra remedies to a party who has been exonerated but who nevertheless has been damaged by the administrative process. The legislature's provision of these remedies in this statute seriously undermines the plaintiff's argument that his remedies are inadequate within the meaning of another statute; that is, 4-183(b).
Finally, the court agrees with the defendant Commission that the essential basis of the plaintiff's claim of irreparable harm — potential unjustified damage to reputation — is too broad and too easily alleged. if permitted as the basis of appeal from an interlocutory decision, it could be claimed in every case and would effectively derail the enforcement of the code of ethics. The legislature cannot be presumed to have intended such self-destructive results when it enacted the code of ethics and provided for appeals to the court in accordance with4-183. State v. Uretek, 207 Conn. 706, 719 (1988). Everyone against whom the Commission has made a preliminary finding of probable cause may suffer some potential damage to his or her reputation. But the forum for undoing that damage is the administrative process which the legislature has established for that purpose. This court cannot conclude that such a process provides an "inadequate remedy" within the meaning of 4-183.
The court concludes that the plaintiff has not exhausted his administrative remedies, that those remedies are adequate in this case, and that 4-183(b) does not CT Page 6039 authorize his appeal at this stage of the case. The appeal is dismissed for lack of subject matter jurisdiction.
Maloney, J.