[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO DISMISS
The plaintiff office of Consumer Counsel (OCC) appeals two rulings of the defendant Department of Public Utility Control (DPUC), which the DPUC made in connection with an application by the defendant, Connecticut Natural Gas Company (CNG) for a rate increase. The defendants move to dismiss the appeal on the grounds that the rulings are not final decisions, that they do not qualify for interlocutory review under General Statutes 4-183(b), and that the issues raised by the appeal are moot. The court finds the issues in favor of the defendants.
The essential facts are not in dispute. On February 11, 1993, CNG filed with the DPUC a notice of its intent to apply for a rate increase. The DPUC assigned a CT Page 11044 docket number to the file, Docket No. 93-02-04, but immediately urged CNG to postpone its formal application because the DPUC staff was overloaded with other work at that time. CNG agreed to defer its application, and, on May 7, submitted a new notice of intent. During this time period, CNG submitted a request that it be permitted to use as its "test year" the twelve month period ending September 30, 1992, rather than a later test period, which the DPUC rules would ordinarily require. This request inspired an objection from the OCC, and the DPUC convened a hearing on that discrete subject. Following the hearing and the filing of briefs on the subject, the DPUC issued a ruling, on June 16, 1993, permitting CNG to use the requested test year when it filed its application for a rate increase. On June 17, CNG filed that application. The DPUC subsequently notified the parties of a revised timetable for the submission of evidence and the rendering of its final decision. That timetable provided for a July submission of supplementary evidence and a December 1993 date for the final decision.
On June 30, 1993, the OCC filed this appeal, claiming that the DPUC rulings concerning the test year to be used in the CNG application and the timetable for consideration of and decision on that application violated the law and regulations applicable to rate increase proceedings. At the time this appeal was filed, it should be noted, the DPUC had done nothing to process CNG's application except issue those rulings. Specifically, there had been no hearings, no draft final decision, no briefs, no oral arguments, and, of course, no final decision.
The OCC contends that this appeal of the DPUC rulings is authorized by General Statutes 4-183(b). In addition to its claims that the rulings violated statutes and regulations, the OCC also contends that the rulings would permit the imposition of a rate increase sooner than would otherwise take place if a different timetable had been ordered.
Subsection (b) of 4-183 provides as follows:
 (b) A person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the CT Page 11045 person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
"Appeals to courts from administrative agencies exist only under statutory authority. . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Citizens Against Pollution Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152 (1991). (Citations and internal quotation marks omitted).
Subsection (b) of 4-183 is an exception to the well-established rule requiring exhaustion of remedies. See Pet v. Department of Health Services, 207 Conn. 346
(1988). As such, it provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction.
In this case, the OCC's remedy for the adverse preliminary rulings would normally be obtained in a successful appeal of the DPUC's final decision on CNG's rate increase application. In order to maintain the appeal which is now before the court, therefore, the OCC must demonstrate that it would be harmed by the disputed preliminary rulings even if it were ultimately to prevail in an appeal of the DPUC's final decision. It is on this point that the OCC's present appeal falters. The OCC has advanced no convincing reason why the normal remedy, one which the OCC has pursued countless times, would not suffice to redress any alleged errors committed by the DPUC in processing the rate increase application. If the DPUC ultimately approves some increase and the OCC can persuade the court on appeal that the decision is erroneous for any reason, including the use of an unauthorized test year or an unjustified time schedule, the court would be able to provide an appropriate and complete remedy. See 4-183 for the variety of options available if the OCC were successful in appealing the final decision, including the invalidation of the rate increase or remand for further agency proceedings. In short, the OCC has not convinced the court that postponement of its consideration of the issues raised CT Page 11046 in this preliminary appeal would result in an inadequate remedy. Therefore, the provisions of 4-183(b) do not apply in this case.
Subsequent to the filing of this appeal, the DPUC has held hearings on the requested rate increase, issued a draft decision, and has received written and oral arguments from the parties. The final decision is scheduled to be issued no later than December 23, 1993. These circumstances highlight the inappropriateness of this appeal. If the OCC considers the final decision to be reasonable, it will presumably not appeal it, even if it continues to believe that the test year and effective date rulings were erroneous when the DPUC made them. In that event, the judicial system will be relieved of the task of deciding an academic question. On that point, in affirming the rule requiring the exhaustion of administrative remedies, our supreme court has observed "(m)ost important, a favorable outcome will render review by the court unnecessary . . . (a) complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." Pet v. Dept. of Health Services, Supra, 350-352.
In summary, the court concludes that postponement of the appeal of the DPUC's preliminary rulings will not result in an inadequate remedy for the plaintiff OCC. On the other hand, maintaining this appeal at this time, before the OCC has even considered whether it will appeal the DPUC's final decision, imposes an unjustifiable burden on the judicial system and is contrary to basic principles of administrative law.
The appeal is dismissed.
Pro Se plaintiff.
Assistant Attorney General Golden Murtha, Cullina, Richter Pinney for defendants. CT Page 11047