[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff George Reardon appeals the decision of the defendant medical examining board, which denied his motion to dismiss the charges brought against him by the defendant department of public health and addiction services. The board was proceeding pursuant to General Statutes § 20-8a. The plaintiff appeals pursuant to § 4-183(b). The court finds the issues in favor of the defendants.
The facts essential to resolving the issues presently before this court are not in dispute. On July 19, 1993, the department issued a four count statement of charges against the plaintiff, alleging misconduct in the treatment of four patients.
The department brought the charges to the board and requested that the board "as authorized in § 20-13c, revoke or take any other actions as authorized in § 19a-17
against the medical license of George Reardon as it deems appropriate and consistent with law." On November 1, 1993, the department filed an amended statement of charges, alleging additional acts of misconduct involving other patients. Again, it requested the board merely to "revoke or take any other actions . . . against the medical license" of the plaintiff. The department did not, in either statement of charges, request the board to impose any other kind of penalty, such as CT Page 9617 censure, reprimand or civil monetary penalty, all of which are penalties authorized by § 19a-17.
The board commenced a hearing on the department's charges in October 1993. On May 31, 1994, while the hearing was in progress, the plaintiff's medical license became due for renewal pursuant to § 19a-88(b). As of this date, the plaintiff has not renewed the license, and he has stated that he has permanently retired from the practice of medicine.
On June 1, 1994, the plaintiff filed a motion with the board to dismiss the charges on the basis that they had become moot. He argued that since his medical license was not renewed, it is now void. Therefore, he argues, the board cannot revoke or suspend it. Since these were the only remedies sought by the department in its statement of charges, the board can take no disciplinary action against him even if it finds him culpable. The board denied the motion and proceeded with the hearing. It is that ruling of the board which the plaintiff appeals to this court. At this time, the department has completed its presentation of evidence, but the plaintiff has not yet presented his case. The board has not, of course, rendered a final decision.
The crucial preliminary issue is whether the court has jurisdiction to hear the plaintiff's appeal at this stage of the case.
General Statutes § 4-183(a) provides "(a) person who has exhausted all administrative remedies . . . and who is aggrieved by a final decision may appeal to the superior court . . . ." In this case, the plaintiff does not contend that he has exhausted his administrative remedy; rather, he argues that his appeal is authorized by subsection (b) of § 4-183. That statute provides as follows:
 (b) A person may appeal a preliminary, procedural intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an CT Page 9618 inadequate remedy.
Assuming that the plaintiff would be aggrieved by an adverse final decision of the board, he would be qualified to appeal such a decision under subsection (a) of § 4-183. The jurisdictional issue before the court, therefore, is whether postponement of the appeal of the board's preliminary ruling until the time, if ever, when he appeals the board's final decision would "result in an inadequate remedy."
"Appeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Citizens Against Pollution Northwest, Inc.v. Connecticut Siting Council, 217 Conn. 143, 152
(1991). (Citations and internal quotation marks omitted).
Subsection (b) of § 4-183 is an exception to the well-established rule requiring exhaustion of remedies. See Pet v. Department of Health Services, 207 Conn. 346
(1988). As such, it provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction.
In this case, the plaintiff's attack on the disputed ruling of the board would normally be included in an appeal of the board's final decision, if that were adverse to him, under subsection (a) of § 4-183. In order to maintain the appeal which he now brings to the court under subsection (b), therefore, the plaintiff must demonstrate something more; that is, he must show that he would be harmed by the board's ruling on his motion even if he were ultimately to prevail in an appeal of the board's final decision. Office ofConsumer Counsel v. Department of Public UtilityControl et al, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93 052 79 09 (Maloney, J., December 17, 1993; 10 Conn. L. Rptr. No. 16, 509, February 7, 1994), cited by both parties. CT Page 9619
In support of his claim that postponement of the appeal will result in an inadequate remedy, the plaintiff advances three arguments: (1) that continuation of the hearing will violate his constitutional rights; (2) that continuation of the hearing will damage his reputation; (3) that continuation of the hearing will cause him to incur significant legal expenses and other costs.
The plaintiff's first argument is that continuation of the hearing at this time, after his license has expired, will violate his constitutional right "to be free from the arbitrary, heavy-handed exercise of governmental disciplinary authority." The court concludes that this argument may not be sustained.
As indicated above, the department brought its statement of charges against the plaintiff to the board pursuant to General Statutes § 20-13e(e). The charges are serious, consisting of multiple allegations that the plaintiff sexually molested children who were his patients. The board convened the hearing on those charges in accordance with General Statutes §§ 20-8a(f) through (h). Those statutes and chapter 54, the Uniform Administrative Procedure Act, establish the procedure the board must follow, including the requirements that the board hear testimony, consider other relevant evidence, and render a final decision. Our courts have held that these procedures exceed the minimal. safeguards mandated by the constitution's due process clause. Pet, supra, 356-357.
The plaintiff does not claim that the administrative procedure is unfair or inadequate. Rather, his claim of constitutional violation is based on the board's denial of his motion to dismiss and the continuation of the hearing. As indicated, the plaintiff moved to dismiss the charges on the basis that the board was powerless to revoke his license because it was already void for nonrenewal. The board considered the motion and concluded that General Statutes § 19a-14a preserves the license of a physician against lapse while the licensee is the subject of disciplinary action, as in this case. CT Page 9620
The circumstances of this case, as summarized above, do not amount to an abuse of governmental authority. Both the department and the board have conducted the proceedings in accordance with the clear requirements of applicable statutes. The board's denial of a motion to dismiss the charges and the continuation of the hearing on those charges was based on the board's interpretation of a statute that the board and the department are responsible for enforcing.
The court has reviewed the statute in question, General Statutes § 19a-14a, and has considered the parties' legal arguments concerning its correct interpretation in the context of the plaintiff's claim that the board's decision was arbitrary and "heavy-handed." The statute provides in relevant part as follows:
 Any person who is the subject of . . . disciplinary action pursuant to section 19a-17, while holding a (medical) license . . . shall be considered to hold a valid license for purposes of such . . . disciplinary action.
It is not necessary at this point to determine whether the board was correct in interpreting this statute to mean that the plaintiff's license remained in effect for disciplinary purposes, notwithstanding the lapse provisions of § 19a-88. It is only necessary to determine whether the board's decision on that issue was, as the plaintiff claims, so unreasonable or unfounded as to be an arbitrary, "heavy-handed exercise of governmental authority." Plainly that is not the case. It is at least an arguable and not unreasonable interpretation that the statute preserves a license against lapse until the board has determined whether it should be revoked for disciplinary reasons.
The plaintiff argues that the board's decision was erroneous, but even if a reviewing court were ultimately to determine that the decision was incorrect, that circumstance alone would not justify taking a short-cut through the administrative process CT Page 9621 to obtain relief. If the board's final decision on the plaintiff's case is adverse to him, and he can persuade the court on appeal that the decision is erroneous for any reason, including an error in the board's ruling on the motion to dismiss, the court would be able to provide an appropriate and complete remedy, including an effective dismissal of the charges.
On the other hand, if the board's final decision is acceptable to the plaintiff, he will presumably not appeal it even if he continues to believe that the ruling on his motion was incorrect. In that event, as this court observed in OCC v. DPUC, supra, the judicial system will be relieved of the task of deciding an academic question. On that point, in affirming the rule requiring the exhaustion of administrative remedies, our Supreme Court has observed "(m)ostimportant, a favorable outcome will render review by the court unnecessary . . . (a) complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." (Emphasis added). Pet v. Dept. of HealthServices, Supra, 350-352.
The plaintiff's remaining arguments concerning the applicability of § 4-183(b) are that the court's failure to interrupt the administrative proceeding at this point will subject his reputation to irreparable harm and will cause him significant financial loss. The court has rejected these arguments as justification for invoking the statutory short-cut in Farrell v. StateEthics Commission, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93 070 40 92 (9 Conn. L. Rptr. No. 9, 273, 1993). The court continues to believe that these considerations, although very real, do not excuse the requirement that a person exhaust his administrative remedies. See alsoPet, supra, at 273.
The court also notes that the defendant department of public health and addiction services has completed its evidence, and the plaintiff now has the opportunity to proceed as he wishes. He can determine how many and which witnesses to call and what other evidence to CT Page 9622 present. Alternatively, he is in a position to decide to present no controversial evidence and focus his attack, instead, in a legal argument on the status of his license and the board's power to impose any penalty. At this point in the proceedings in this case, therefore, the plaintiff is in a position to control, to a significant degree, the additional litigation expense and any added notoriety that might flow from the continuation of the hearing.
For all of the reasons set forth above, the court concludes that the plaintiff has not shown that postponement of his appeal until the board has rendered a final decision in his case will result in an inadequate remedy, within the meaning of § 4-183(b). He has not, therefore, exhausted his administrative remedy as required by § 4-183(a), and the court lacks subject matter jurisdiction over his appeal.
The appeal is dismissed.
MALONEY, J.