[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ONMOTION TO DISMISS APPEAL (NO. 143)
The Attorney General has moved to dismiss the defendant-appellant's appeal from the October 27, 1994 decision of CT Page 1475 the Family Support Magistrate due to lack of jurisdiction over the subject matter.
On October 27, 1994, Magistrate Miller entered an order for current support in the amount of $183 per week and found an arrearage of $34,038 as of October 24, 1994. He ordered a lump sum payment to be made on that arrearage of $1500 by November 1, 1994. On November 7, 1994, the defendant filed Form JD-FM-111 entitled "Appeal from Family Support Magistrate." The defendant did not, however, file his appeal petition.
An appeal from a decision of the Family Support Magistrate is governed by the provisions of § 46b-231 (h) of the General Statutes. That provision of the statutes entitled "Appeal procedure's" provides in relevant part as follows:
 (2) Proceedings for such appeal shall be instituted by filing a petition and payment of a fifty-five dollar filing fee in superior court for the judicial district in which the decision of the family support magistrate was rendered not later than fourteen days after filing of the final decision with an assistant clerk assigned to the family support magistrate division. . . . Such petitions shall be accompanied by a certification that copies of the petition
have been served upon [the child support bureau of the department of human resources] . . . and all parties of record. (Emphasis supplied.)
A statutory right of appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created. Raines v. Freedom of Information Commission,221 Conn. 482, 489 (1992); Citizens Against Pollution Norwest Inc.v. Connecticut Sitting Council, 217 Conn. 143, 152 (1991).
Such provisions are mandatory, and if they are not complied with, the appeal is subject to dismissal. Raines,221 Conn. at 490; Citizens Against Pollution, 217 Conn. at 152.
Less than a strict compliance with the precise statutory requirement of the statute creating the right to appeal results in a failure to invoke the jurisdiction of the court. Farricielli v.CT Page 1476Personnel Board, 186 Conn. 198, 201 (1982).
The motion to dismiss the appeal is granted for lack of jurisdiction in this court to entertain the appeal. See also decision of Judge Ballen, Sharon Stanley v. Donald Stanley, docket number FA84-0219059, Judicial District of Fairfield at Bridgeport, August 14, 1992.
EDGAR W. BASSICK, III, JUDGE