[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Medtrans Connecticut, Inc., which does business as Ace Ambulance Services, appeals the decision of the defendant department of public health and addiction services denying the plaintiff party status during a hearing on an application for an ambulance service permit by defendant Hunter's Ambulance Service, Inc. Presently before the court is the defendant department's motion to dismiss asserting that the court lacks subject matter jurisdiction over the appeal. The court finds the issues in favor of the department
In July 1996, defendant Hunter's filed an application with the department requesting approval for the operation of new non-emergency ambulance service. On November 25, 1996, the department convened a hearing on the application pursuant to General Statutes § 19a-180. The plaintiff, `which operates a non-emergency ambulance service and would be in competition with Hunter's if the latter's application were approved, appeared at the hearing and requested to be made a party to the proceeding. The department denied the plaintiff's request and, instead, granted the plaintiff status as an intervenor, thereby significantly limiting the plaintiff's right to participate. It is that decision which the plaintiff appeals to this court.
The department has not completed the hearing, and it has not, CT Page 7119 therefore, rendered a final decision on Hunter's application. The plaintiff appeals the department's decision denying it party status pursuant to § 4-183 (b). The department's motion to dismiss is based on its contention that the appeal does not meet the requirements of § 4-183 (b).
"Appeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Citizens Against Pollution Northwest,Inc. v. Connecticut Siting Council, 217 Conn. 143, 152 (1991). (Citations and internal quotation marks omitted).
Subsection (b) of § 4-183 provides as follows:
 (b) A person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
In order to meet the first requirement of this statute, the plaintiff must demonstrate that it would be qualified to appeal a final decision of the department approving Hunter's application. In order to do so, the plaintiff would have to plead and prove that it is legally aggrieved by the licensure of a competing non-emergency ambulance service. See General Statutes § 4-183
(a).
This court has consistently held that an ambulance service company is not aggrieved, within the meaning of General Statutes § 4-183 (a), by a decision of the defendant department approving the licensure of a competitor. See Ace AmbulanceService of Fairfield v. Department of Public Health and AddictionServices et al, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV95 055 23 48 (May 1, 1996,Hodgson, J.); and Med-Trans of Connecticut, Inc. et al v.Department of Public Health and Addiction Services et al, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV96 056 38 09 (September 20, 1996, Maloney,J.). CT Page 7120
There is nothing in the present case to distinguish it from the two cases cited. It does not appear, therefore, that the plaintiff here would be aggrieved and thus qualified to appeal the department's final decision on Hunter's application. For that reason, the plaintiff's present appeal does not meet the first requirement of subsection (b) of § 4-183.
In order to meet the second requirement of subsection (b) of § 4-183 the plaintiff must demonstrate that an appeal of the department's final decision on Hunter's application would "result in an inadequate remedy." This means that the plaintiff must show that it would be harmed by the department's adverse ruling on its request for party status even if the plaintiff were ultimately to prevail in an appeal of the department's final decision. Officeof Consumer Counsel v. Department of Public Utility Control etal, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93 052 79 09 (Maloney, J., December 17, 1993; 10 Conn. L. Rptr. No. 16, 509, February 7, 1994).
In support of its claim that postponement of the appeal until the department renders a final decision will result in an inadequate remedy, the plaintiff advances essentially two arguments: (1) that it has a constitutionally protected property interest in its status as a party in the administrative proceeding and (2) that it will suffer irrevocable financial loss as a result of the denial of party status.
Subsection (b) of § 4-183 is an exception to the well-established rule requiring exhaustion of remedies. See Petv. Department of Health Services, 207 Conn. 346 (1988). As such, it provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction. The possibility that a preliminary ruling of an administrative agency during a hearing will deprive a person of some constitutional right is not sufficient by itself to excuse the general requirement of exhaustion of remedies. Id., 354. In order to base an appeal under § 4-183 (b) on a claimed deprivation of a constitutional right, the claimant must show that a successful appeal of the agency's final decision would not sufficiently vindicate the right. The plaintiff has not shown in this case how or why a successful appeal of an adverse final decision would not adequately vindicate its claimed constitutional right to be named a party to the proceeding. Indeed, it appears to the court that such an appeal would afford CT Page 7121 the plaintiff all that it could conceivably desire or need.
The plaintiff's second contention, that it will suffer financial loss, is likewise unavailing. The asserted loss is based on the assumption that Hunter's will cut into the plaintiff's market for non-emergency ambulance services. But no such competition is possible unless and until the department renders a final decision approving Hunter's application. Postponement of the plaintiff's appeal until that event, therefore, will not result in any immediate competitive disadvantage. And, as the defendants point out, the plaintiff has the right to seek a stay of the department's decision either from the department or from this court if it decides to appeal that decision. See General Statutes § 4-183 (f).
In summary, the court concludes that the plaintiff's appeal does not satisfy the requirements of subsection (b) of General Statutes § 4-183. Accordingly, the court lacks jurisdiction over the subject matter of the appeal.
The appeal is dismissed.
MALONEY, J.