[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
Plaintiff Electro-Methods, Inc., appeals a decision of the defendant commission on human rights and opportunities finding reasonable cause to believe that the plaintiff unlawfully discriminated against defendant Wilfred Mayette and ordering a hearing on Mayette's complaint. The commission acted pursuant to General Statutes §§ 46a-83 and 46a-84. The plaintiff appeals pursuant to § 4-183 (b). Presently before the court are the defendants' motions to dismiss. The court finds in favor of the defendants.
The facts essential to the court's decision are not in dispute. In August 1994, defendant Mayette filed a complaint with the commission alleging that the plaintiff unlawfully discriminated against him in the terms of his employment by firing him because of his mental disability. There is a dispute as to the date when Mayette filed his complaint, but the parties agree that the date of his termination was February 25, 1994.
After receiving the complaint, the plaintiff filed a request for a declaratory ruling from the commission to the effect that the commission lacked jurisdiction over the complaint because Mayette filed it beyond the one hundred eighty day period prescribed by § 46a-82. The commission declined to issue the requested ruling. Thereafter, in accordance with § 4-175, the plaintiff filed an action for a declaratory judgment in this court, seeking the same ruling. That action is apparently still pending.
Meanwhile, the commission proceeded to handle Mayette's complaint. It appointed an investigator, who conducted an investigation in accordance with § 46a-83. On November 19, 1996, the investigator issued a finding that there was reasonable cause to believe that the plaintiff discriminated against Mayette. As required by §§ 46a-83 and 46a-84, the commission certified the complaint and ordered a hearing. The hearing has not been precisely scheduled, but the parties expect it will be held in the early Fall of this year.
The decision which is the subject of this appeal was made by the commission's investigator and is contained in the written determination of reasonable cause. It is that Mayette filed his complaint on or before August 17, 1994, thereby coming within the statutory deadline. Accordingly, the investigator concluded, the commission had jurisdiction over the complaint. CT Page 5339
The bases of the motions to dismiss are that the investigator's decision was not a final decision appealable under § 4-183, that the plaintiff has failed to exhaust its administrative remedies, and that the plaintiff's action for declaratory judgment renders this appeal dismissible under the prior pending action doctrine.
"Where there is in place a mechanism for adequate judicial review, such as that contained in § 4-183, it is the general rule that an administrative agency may and must determine whether it has jurisdiction in a particular situation." Cannata v.Department of environmental Protection, 215 Conn., 623 (1990).
The rule stated in Cannata is based on the doctrine of exhaustion of remedies and clearly applies in this case. The plaintiff here seeks to avoid the rule by claiming, in its brief opposing the motions to dismiss, that its appeal is brought pursuant to subsection (b) of § 4-183. That statute provides as follows:
 (b) A person may appeal a preliminary, procedural or intermediate agency action or ruling to the superior court if (1) it appears likely that the person will otherwise qualify under this chapter to appeal from the final agency action or ruling and (2) postponement of the appeal would result in an inadequate remedy.
Assuming that the plaintiff would be aggrieved by an adverse final decision of the hearing officer appointed by the commission, it would be qualified to appeal such a decision under subsection (a) of § 4-183. The jurisdictional issue before the court, therefore, is whether postponement of the appeal of the commission's investigator's preliminary ruling until the time, if ever, when it appeals the hearing officer's final decision would "result in an inadequate remedy."
"Appeals to courts from administrative agencies exist only under statutory authority . . . . A statutory right to appeal may be taken advantage of only by strict compliance with the statutory provisions by which it is created . . . . Such provisions are mandatory, and, if not complied with, the appeal is subject to dismissal." Citizens Against Pollution Northwest,Inc. v. Connecticut Siting Council, 217 Conn. 143, 152 (1991). (Citations and internal quotation marks omitted). CT Page 5340
Subsection (b) of § 4-183 is an exception to the well-established rule requiring exhaustion of remedies. See Pet v.Department of Health Services, 207 Conn. 346 (1988). As such, it provides a limited statutory right to appeal, and strict compliance with its provisions is required in order to obtain the court's jurisdiction.
In this case, the plaintiff's attack on the disputed ruling of the commission's investigator would normally be included in an appeal of the hearing officer's final decision, if that were adverse to the plaintiff, under subsection (a) of § 4-183. In order to maintain the appeal which it now brings to the court under subsection (b), therefore, the plaintiff must demonstrate something more; that is, the plaintiff must show that it would be harmed by the investigator's ruling even if it were ultimately to prevail in an appeal of the hearing officer's final decision.Office of Consumer Counsel v. Department of Public UtilityControl et al, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV93 052 79 09 (Maloney, J., December 17, 1993; 10 Conn. L. Rptr. No. 16, 509, February 7, 1994).
In this case, the plaintiff has advanced no convincing argument that postponement of its appeal until the administrative proceeding has run its course would result in an inadequate remedy. The plaintiff merely argues that the investigator's ruling was erroneous. But that circumstance alone does not justify invoking § 4-183 (b) and taking a short-cut through the administrative process. If the hearing officer's final decision on the plaintiff's case is adverse to it, and it can persuade the court on appeal that the decision is erroneous for any reason, including an error in the ruling on the commission's jurisdiction, the court would be able to provide an appropriate and complete remedy, including an effective dismissal of the charges.
On the other hand, if the hearing officer's final decision is acceptable to the plaintiff, it will presumably not appeal the decision, even if it continues to believe that the jurisdictional ruling was incorrect. In that event, as this court observed inOCC v. DPUC, supra, the judicial system will be relieved of the task of deciding an academic question. On that point, in affirming the rule requiring the exhaustion of administrative remedies, our Supreme Court has observed "(m)ost important, a CT Page 5341 favorable outcome will render review by the court unnecessary . . . (a) complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." (Emphasis added). Pet v. Dept. ofHealth Services, Supra, 350-352.
Finally, the court notes that the investigator's determination that Mayette's complaint was timely filed is not even the final agency determination on that subject. As the defendants point out in their motions, the plaintiff may still be able to persuade the hearing officer that the commission should decline jurisdiction over the complaint because the time for filing it had expired. This circumstance simply underscores the abundance of administrative remedies available to the plaintiff and the necessity for utilizing them before resorting to the courts.
For all of the reasons set forth above, the court concludes that the plaintiff has not shown that postponement of its appeal until the commission's hearing officer has rendered a final decision on Mayette's complaint will result in an inadequate remedy, within the meaning of § 4-183 (b). Nor has the plaintiff exhausted its administrative remedy as required by § 4-183 (a). The court lacks subject matter jurisdiction over this appeal.
The appeal is dismissed.
MALONEY, J.