[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On May 5, 1992, Ralph A. Humphrey and Mary H. Sheehan, the plaintiffs, appealed from the action of the defendant, Town of Morris. The plaintiffs then amended their appeal on May 22, 1992. This appeal was subsequently revised to three counts on September 4, 1992. On January 26, 1993 the plaintiffs amended their appeal which now contains six counts. Essentially, the plaintiffs contest the defendant's tax assessment of the plaintiffs real property.
The amended six count appeal pertains to the plaintiffs' real property known in part as 62 Alain White Road, Morris, Connecticut. In count one the plaintiffs appeal the assessor's termination of farmland classification pursuant to General Statutes 12-107c. Counts two and three allege unlawful assessment. In the fourth count the plaintiffs appeal the assessor's termination of farmland classification pursuant to General Statutes12-107c. The fifth and sixth counts allege malfeasance and misfeasance on the part of the assessor.
On February 24, 1993, the defendant filed a motion to dismiss the first and fourth counts of the plaintiffs' appeal. Attached to this motion was a CT Page 3849 supporting memorandum. On March 3, 1993 the plaintiffs filed a memorandum in opposition to the motion to dismiss. The following facts are pertinent to the determination of this motion.
The first count of the plaintiff's tax appeal under General Statutes12-119 alleging that on October 31, 1990 the plaintiffs applied for farmland classification which was denied on January 16, 1991. The plaintiffs do not allege that they appealed to the 1991 session of the Board of Tax Review. The plaintiffs instead allege in their tax appeal that they appealed to the 1992 session of the Board of Tax Review on March 4, 1992 and that on March 12, 1992 the Board of Tax Review denied their appeal. The fourth count is an appeal from the denial of farmland classification under General Statutes 12-119.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to assert lack of jurisdiction over the subject matter. Practice Book 143. "Although every presumption is to be indulged in favor of jurisdiction," LeConche v. Elligers, 215 Conn. 701,710, 579 A.2d 1 (1990), "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book 145. See also Castro v. Viera, 207 Conn. 420, 429, 30,541 A.2d 1216 (1988).
Furthermore, "[a]ppeals to the courts from the decisions of administrative officers exist only under statutory authority." Park City Hosp. v. Comm'n on Hospitals and Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989). Such rights must be exercised strictly in accordance with the statute which created them. Citizens Against Pollution, Northwest, Inc. v. Connecticut Siting Council, 217 Conn. 143, 152,584 A.2d 1183 (1991) (quoting Chestnut Realty, Inc. v. Comm'n on Human Rights Opportunities, 201 Conn. 350, 514 A.2d 784 (1986)). Additionally, "statutory provisions limiting time within which to take an . . . appeal are mandatory and, if not complied with, render an appeal subject to dismissal." Gregersen v. Wilton, 5 CSCR 119 (December 18, 1984, Cioffi, J.) (citing Fleischmann v. Planning Zoning Commission of the Town of Wethersfield, 38 Conn. Sup. 590, 456 A.2d 791 (App. Sess. 1982).
In the defendant's memorandum in support of the motion to dismiss the first count of the plaintiffs' amended tax appeal, the defendant contends that the plaintiffs did not appeal in February 1991 the denial of farmland classification for the October 1, 1990 list. Consequently, their appeal is not authorized by statute. In their opposing memorandum, the plaintiffs rebut this claim stating that the tax assessor for the Town of Morris acted outside the scope of his authority and that the Town of Morris should be estopped from relying on the plaintiffs failure to take the revocation of CT Page 3850 farmland classification to the Board of Tax Review in February 1991, as required by General Statutes 12-107c(d), 12-110 and 12-111 as it was the town's tax assessor who misled, deceived and misrepresented to the taxpayer that they had no hope for changing his denial of classification. The plaintiffs have not, however, submitted any evidence or affidavits regarding these facts and these facts were not alleged in their amended application.
The dispositive issue with respect to count one, then, is whether the plaintiffs complied with the statutory provisions to take an appeal.
General Statutes 12-107c(d) provides:
 [a]ny person aggrieved by the denial of any application for the classification of land as farmland shall have the same rights and remedies for appeal and relief as are provided in the general statutes for taxpayers claiming to be aggrieved by the doings of assessors or boards of tax review.
General Statutes 12-107c(d).
General Statutes 12-112 provides the time limit for appeals. Specifically, General Statutes 12-112 provides:
 no appeal from the doings of the assessors in any town, except as otherwise provided by special act, shall be heard or entertained by the board of tax review unless referred to it at one of its meetings during the month of February. . . .
General Statutes 12-112.
In the case at bar, the plaintiffs applied for farmland classification on October 30, 1990. The plaintiffs application was denied on January 16, 1991. The plaintiffs did not appeal to the February 1991 session of the Board of Tax Review. The plaintiffs did, however, appeal to the 1992 session of the Board of Tax Review on March 4, 1992. The plaintiffs appeal to the Board of Tax Review was a year too late. Any person aggrieved by denial of an application for farmland classification has the same remedies and rights of appeals as for taxpayers claiming to be aggrieved by the doings of the assessor or board of tax review. See General Statutes 12-107c(d). Moreover, no appeal from the assessor may be heard by the board of tax review unless brought to it at one of its meetings during the month of February. See General Statutes 12-112. The plaintiffs did not appeal in February of 1991 the denial of farmland classification CT Page 3851 for the October 1, 1990 list. Thus, this appeal is not authorized by statute, and the court is without jurisdiction to entertain the appeal as to count one. It should be noted that the fact that the board of tax review assumed jurisdiction of the plaintiffs appeal would not mislead or prejudice the plaintiffs and thus the town would not be estopped from alleging that the court is without jurisdiction to entertain the plaintiffs' appeal. See Hartford Hospital v. Board of Tax Review of City of Hartford, 158 Conn. 138, 256 A.2d 234 (1969).
As to the fourth count, the defendant contends that an appeal from denial of farmland classification should follow the provisions of General Statutes 12-118 rather than General Statutes 12-119. The plaintiffs contend that they have a one year appeal period pursuant to General Statutes 12-119 during which to bring this appeal, and therefore the motion to dismiss should be denied.
This court previously addressed this issue in Paletsky v. Town of Morris, CV-92-059623, (August 18, 1992, Pickett, J.) and relied on Marshall v. Newington, 156 Conn. 107, 114, 239 A.2d 478 (1968, which held that an appeal for the denial of farmland classification should follow the provisions of General Statutes 12-118.
In Marshall v. Newington, supra, the plaintiffs appealed to the court of common pleas from a decision of the board of tax review of the Town of Newington. The board had denied relief to the plaintiffs on their appeals from the refusal of the assessor to classify and assess tracts of their land as farmland pursuant to General Statutes Section 12-107c. The court, in examining the manner in which the appeals were brought, turned to General Statutes Sec. 12-111. That section "authorizes any person claiming to be aggrieved by the doings of assessors to appeal to the board of tax review, `which shall determine all such appeals.'" Id., quoting General Statutes Section 12-111. The Marshall court then stated that "[s]ection12-118 authorizes an appeal to the Court of Common Pleas by any person claiming to be aggrieved by an action of the board of tax review." Marshall, supra. Because the plaintiffs had followed this procedure in bringing their appeal, the Marshall court found that their appeal was properly brought. Thus, the provisions of General Statutes 12-118 are to be followed with regard to taking an appeal from the denial of a farmland classification pursuant to General Statutes section 12-107c.
Moreover, even if one were to apply General Statutes 12-119 the present appeal was taken more than one year after the denial on January 16, 1991. Thus, the appeal is not timely under the statutes.
In accordance with the foregoing analysis the defendant's motion to CT Page 3852 dismiss the first and fourth counts is granted.
PICKETT, J.