[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is an appeal under General Statutes § 117a from a decision of the Board of Tax Review ("Board") denying relief from the imposition of an open space penalty conveyance tax. The plaintiffs, Robert and Belinda Ore allege the following facts in their five count amended complaint dated September 23, 1994.
The plaintiffs were the owners of property located at CT Page 1507-A 15R Morningside Drive, Granby, Connecticut. The property was purchased by them in two parcels on August 17, 1983 and March 15, 1984. On July 6, 1988, the plaintiffs applied to have the property classified as Open Space land pursuant to General Statutes § 12-107e. Between the time that the plaintiffs applied for Open Space classification and October 22, 1992, when the plaintiffs sold the property, the Town Assessor did not file a certificate and no such certificate was recorded on the land records of the Town of Granby as required by General Statutes § 12-504f. After the sale of the property the Town Clerk refused to record the deed conveying the property to Stephen Coady until an open space penalty conveyance tax pursuant to General Statutes § 12-504a in the amount of $8,064.00 had been paid by the plaintiffs. The plaintiffs subsequently paid this tax under protest so that the deed could be recorded.
On February 24, 1994 the plaintiffs filed an appeal to the Board pursuant to General Statutes §§ 12-504d and12-111 and on March 29, 1994, the Board notified the plaintiffs that their appeal had been denied. On May 27, CT Page 1507-B 1994 plaintiffs filed this appeal.
Although the five count complaint contains in its various counts claims of negligence and constitutional violations, it is essentially an appeal from the decision of the Board of Tax Appeals.
On June 22, 1994, Defendant moved to dismiss this appeal and at argument before this court the parties considered the motion as applicable to the amended complaint dated September 23, 1994. The defendant in its motion to dismiss argues that this court is without jurisdiction to hear this appeal firstly, because the plaintiffs failed to file a timely appeal from the Board to this court and secondly that the plaintiffs failed to file a timely appeal from the imposition of the tax to the Board.
 I
We reject the defendant's claim that plaintiff's CT Page 1507-C appeal to this court is untimely because in the absence of a reference to the date of decision in the March 29, 1994 letter of notification to the plaintiff, the plaintiff was not obliged to seek out the actual date of decision and this appeal filed within two months of March 29, 1994 is timely. We forgo a more detailed analysis because the appeal must be dismissed on other grounds.
 II
The defendant claims that because the penalty tax was imposed on the plaintiff in October 1992, any appeal to the Board was required to be brought to its February, 1993 meeting and the Board was without authority to entertain the appeal at its February or March, 1994 meeting. The defendant claims therefore that this court lacks subject matter jurisdiction to hear the present appeal.
Both parties acknowledge that the appeal to the Board was governed by General Statutes § 12-112 which reads as follows in the official General Statutes: CT Page 1507-D
 Sec. 12-112. Limit of time for appeals.
 No appeal from the doings of the assessors in any town, except as otherwise provided by special act, shall be heard or entertained by the board of tax review unless referred to it at one of its meetings during the month of February or during the month of September in the case of an appeal related to motor vehicle assessment.
The defendant claims that this is a time limiting statute which requires an appeal to the board relative to property other than a motor vehicle to be made to the February meeting of the Board next following the date of the "doings of the assessors". The plaintiff claims that there is no language in the statute which so requires and the statute in effect, permits an appeal to the Board in any February. The plaintiff argues that in contrast to the CT Page 1507-E absence of a clear time limitation in this statute specific time limitations were placed by the legislature in General Statutes § 12-119 which provides a right of direct application to this court for review of a municipal property tax as well as in General Statutes § 112-117a which provides for an appeal to this court from the Board of Tax Review.
This court is reluctant to supply any missing word in a statute which could have easily been made more explicit by the legislature. However, a number of factors clearly require this statute to be interpreted to mean an appeal to the Board must be taken to the next February meeting of the Board.
The title of the statute, while not in and of itself controlling is "Limit of time for appeals." Unless the statute means the next February there would be no time limit at all. No other statute imposes any time limit for an appeal to the Board. Yet, in the absence of any time limit, appeals to the Board could be made in a February CT Page 1507-F session many years after the date of a disputed assessment or penalty tax imposition. We agree with the defendant that if such unrestricted appeals were permitted, it could interfere greatly with the stability and predictability of municipal finances.
A number of Supreme Court decisions have indicated that the time for taking an appeal to the Board is limited and short. In Cohn v. City of Hartford, 130 Conn. 699
(1944) the Supreme Court stated at page 702:
 Our statutes provide a method by which an owner of property may directly call in question the valuation placed by assessors upon his property by an appeal to the board of relief, and from it to the courts. General Statutes, §§ 1193-1195; Cum. Sup. 1935, § 374c. These statutes limit to a short period the time within which the property owner can CT Page 1507-G seek relief under them and the purpose of this is undoubtedly to prevent delays in the ultimate determination of the amounts a municipality can collect as taxes.
The reference of a "limit to a short period of time" was cited with approval in Norwich v. Lebanon, 200 Conn. 697,710 (1986). Moreover, none of the statutes cited by the plaintiff have more than a brief, specified period in which an appeal from an assessment can be taken. It would be incongruent if not whimsical to read the statute as permitting an unlimited time in which an appeal could be taken to the Board.
In the absence of any Appellate Court decision interpreting this statute, we note at least one Superior Court case supporting this view. Judge Pickett in a recent Superior Court decision has ruled squarely that under § 12-112 an appeal to the Board of Tax Review at its February 1992 session concerning an application for farm land CT Page 1507-H classification which was denied by the assessor in January, 1991 "was a year too late". Humphrey v. Town of Morris, 8 CONN. L. RPTR. 796 8 CSCR 495, Superior Court at Litchfield (April 21, 1993, Pickett, J.).
Accordingly we hold that General Statutes § 12-112
must be interpreted as requiring an appeal to the Board to be made to the February session next following the doings of the assessor which is being contested. Therefore, the appeal taken by the plaintiff in this case in February, 1994, was untimely and the Board had no power to consider the appeal to the Board.
It is true that the Board's decision denying plaintiff's appeal did not state the reason for the denial, but the record of the appeal sufficiently demonstrates that the issue of the lateness of the appeal was raised to the Board and appears in the "action taken" section of the application on which the Board action is summarized. In any event, plaintiff has not raised the question of estoppel or waiver by the Board and the Board's consideration CT Page 1507-I of the plaintiff's appeal did not mislead or prejudice the plaintiff in any way. See Humphrey supra.
 III
We conclude further that the failure of the plaintiff to make timely application to the Board, deprives this court of subject matter jurisdiction with respect to this appeal. In order to obtain judicial review of property assessments and other actions of assessors it has generally been required for a taxpayer to allege that he has made timely application to the Board of Tax Review and from that Board to this court. See National Pipe Tube v. LibertyCounty, 805 S.W.2d 593 (Tex.App.-Beaumont 1991). InHumphrey supra, the court dismissed the appeal to this court, because appellant had failed to file a timely appeal with the Board of Tax Review and therefore the appeal to this court was not authorized by statute. While every presumption is to be indulged in favor of jurisdiction, once it is found that the court lacks jurisdiction of the subject matter, the court is required to dismiss the CT Page 1507-J action. Practice Book § 145.
Motion to dismiss granted.
Wagner, J.