[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#101)
FACTS
The plaintiff, James Mazzarelli, brought this action against the defendants, Town of Goshen, William H. Bligh, Jr., Lorraine M. Franzi, Patti Braislin, Lauren Elliot, appealing a decision of the Town of Goshen Board of Tax Review and alleging the wrongful assessment of taxes. The plaintiff's two count complaint alleges that on June 30, 1993 the plaintiff purchased real property in the Town of Goshen which had been previously assessed at $12,190. When the plaintiff purchased the property, the town assessors revalued the property at $51,205. The assessors also determined that all property should be liable for taxation at seventy percent of its true and actual valuation on the assessment date. The plaintiff alleges that the valuation of his property was grossly excessive, disproportionate and unlawful. He appealed the assessment to the board of tax review, who declined to change the valuation.
The first count of the complaint appeals the decision of the board of tax review refusing to change the valuation, and attached to the complaint is a copy of their decision. The second count alleges a claim for wrongful assessment, asserting that the assessment was manifestly excessive and could not be arrived at except by disregarding the statutes for determining the valuation of property. The defendant now moves to dismiss the first count of the complaint, arguing that this court lacks subject matter jurisdiction.
The plaintiff did not oppose this motion, but instead filed a request for leave to amend the first count of the complaint, apparently seeking to remedy any jurisdictional defect. "Whenever the absence of jurisdiction is brought to the notice of the court or tribunal, cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction." (Citations CT Page 9392 and internal quotation marks omitted.) Baldwin Piano Organ Co.v. Blake, 186 Conn. 295, 441 A.2d 183 (1982). When the plaintiff amends their complaint as of right under Gen. Stat. Sec. 52-128 and Practice Book Sec. 175, however, the amended complaint takes effect ab initio and may cure certain claimed jurisdictional defects. SeeSheehan v. Zoning Commission, 173 Conn. 408, 411, 378 A.2d 519
(1977). In this case, the amended complaint was not filed as of right under General Statutes Sec. 52-128 and Practice Book Sec. 175 since it was filed beyond thirty days after the return date. The amended complaint, therefore, does not take effect ab initio and is not presently before the court on this motion to dismiss. Instead, the court must consider the defendant's motion to dismiss directed at the first count of the original complaint prior to entertaining any other pleading or motion.
DISCUSSION
A motion to dismiss is the proper manner to assert lack of subject matter jurisdiction. Practice Book Sec. 143. "Although every presumption is to be indulged in favor of jurisdiction;LeConche v. Elligers, 215 Conn. 701, 710, 579 A.2d 1 (1990); "whenever the court determines that it lacks jurisdiction over the subject matter, the action shall be dismissed." Practice Book Sec. 145; see also Castro v. Viera, 207 Conn. 420, 429-30, 541 A.2d 1216
(1988). Appeals to courts from the decisions of administrative officers exist only under statutory authority; Park City Hosp. v.Commission on Hospitals and Health Care, 210 Conn. 697, 702,556 A.2d 602 (1989); and therefore such rights must be exercised strictly in accordance with the statute which created them.Citizens Against Pollution, Northwest, Inc. v. Connecticut SitingCouncil, 217 Conn. 143, 152, 584 A.2d 1183 (1991). Statutory provisions that limit the time within which to take an appeal "are mandatory and, if not complied with, render an appeal subject to dismissal." Humphrey v. Town of Morris, 8 Conn. L. Rptr.. 796,8 CSCR 495 (April 21, 1993) (Pickett, J.)
The defendant town argues that the plaintiff has no statutory right to appeal the underlying decision of the assessors. Even if the plaintiff had such a right, the defendant claims that the plaintiff's appeal is untimely. Since the court finds the second ground dispositive of this motion, it does not address the first ground.
General Statutes Sec. 12-112 provides that "[n]o appeal from the doings of the assessors in any town, except as otherwise CT Page 9393 provided by special act, shall be heard or entertained by the board of tax review unless referred to it at one of its meetings during the month of February. . . ." In Humphrey v. Town of Morris,
supra, this court held that an appeal challenging a denial of an application for farmland classification was brought "a year too late" when the application was denied in January 1991 and the appeal to the Board of Tax Review was not brought until February 1992. "[N]o appeal from the assessor may be heard by the board of tax review unless brought to it at one its meetings during the month of February." Id., 496. "General Statutes Sec. 12-112 must be interpreted as requiring an appeal to the Board to be made to the February session next following the doings of the assessor which is being contested." Ore v. Town of Granby,13 Conn. L. Rptr. 520, 521 (February 24, 1995) (Wagner, J.).
According to the allegations of the complaint, the first count concerns a valuation made at the time the plaintiff purchased his property in June 1993. The prayer for relief likewise shows that the plaintiff seeks a reduction in the October 1, 1993 valuation. The decision of the Town of Goshen Board of Tax Review, which is attached to the complaint, shows that the application for appeal to the board of tax review was dated March 11, 1995. The record shows that the plaintiff did not appeal the assessor's June and October 1993 valuation to the board's February 1994 session. Instead, the appeal was made in March 1995, which is untimely under Sec. 12-112. Furthermore, there is no indication that the time limit in Sec. 12-112
does not apply to this appeal. Thus, the record shows that the plaintiff failed to make a timely appeal to the board of tax review under Sec. 12-112.
The failure of the plaintiff to make timely application to the board deprives the court of subject matter jurisdiction with respect to the first count. See, Humphrey v. Town of Morris,
supra, 8 Conn. L. Rptr. 796, 8 CSCR 496; Ore v. Town of Granby, supra,13 Conn. L. Rptr. 521. Accordingly, the defendant town's motion to dismiss count one is granted.